UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SANIJE BERISHA, | Case No. 1:23-cv-00280-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| THE GROVE HOTEL, et al., | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is Plaintiff Sanije Berisha's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, this Court must review Berisha's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Berisha's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court DENIES Berisha's Application to proceed in forma pauperis, DISMISSES WITHOUT PREJUDICE the Complaint, and grants Berisha an opportunity to amend.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (cleaned up).

The Court has examined Berisha's application to proceed in forma pauperis and finds that it does not establish her indigence because the information is inadequate. In her application, Berisha reports a monthly household income of at least $1,005 derived solely from retirement funds.[1] Dkt. 1, at 2. She also reports $350 income from public-assistance for both her and her husband, but it is unclear as to whether this is a monthly or yearly amount. *Id.* Further, Berisha reports that her husband is a taxi driver but does not report any income from that employment. *Id.* at 2–3.

---

[1] Berisha appears to have listed her household's yearly income instead of her average monthly income during the past twelve months under the column "Average monthly amount during the past 12 months." The Court makes this assumption because multiplying the amounts reported under the "Amount expected next month" column by twelve equals the yearly incomes provided. *See* Dkt. 1, at 2.

Berisha's reported expenses are similarly lacking in specifics. Berisha alleges that she pays a total of at least $975 per month for rent, utilities, and laundry, but does not list any other expenses that the Court would expect a person to have every month such as food and medical bills. *Id.* at 4.

In short, Berisha has not sufficiently proven her indigence under 28 U.S.C. § 1915 and may not proceed without the prepayment of the requisite filing fees; however, the Court will allow Berisha to refile an application to proceed in forma pauperis. If Berisha chooses to refile, she needs to demonstrate her indigence with a greater level of particularity.

### III. SUFFICIENCY OF COMPLAINT

Regardless of Berisha's potential indigent status, the Court must dismiss the Complaint due to Berisha's failure to allege a valid cause of action. The Court will, nonetheless, grant Berisha an opportunity to amend her Complaint.

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). To state a claim upon which relief can be granted, a plaintiffs' complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of

articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Court finds two issues with Berisha's complaint. First, Berisha fails to state a claim upon which relief can be granted. In her Complaint, Berisha provides no federal law through which she could recover for her injuries. Dkt. 2, at 3. Without a viable legal standard, there is no legal remedy for Berisha's injuries, and Berisha has not shown a plausible claim for relief.

Second, Berisha fails to establish jurisdiction with this Court. This Court is a court of limited jurisdiction and as such, can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). Here, Berisha has failed to establish jurisdiction through federal question by failing to provide any federal law under which she could potentially recover. Dkt. 2, at 3. Federal diversity jurisdiction requires that the plaintiff and the defendant be citizens of different states. 28 U.S.C. § 1332(a)(1). As Berisha reports that both she and Defendants are residents of Idaho (Dkt. 2, at 1–2), there is no diversity of citizenship to establish federal jurisdiction. Thus, Berisha has not properly shown that this Court has jurisdiction over her claim.

In order for her lawsuit to proceed, Berisha must amend her Complaint. If amending a complaint would remedy its deficiencies, then courts should provide a plaintiff an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). However,

Berisha appears to be bringing forth a tort claim. As such, this suit is more fit for state court unless Berisha can present a federal law through which she could recover. Because Berisha may be able to state a claim upon which relief can be granted, the Court will allow her an opportunity to amend her Complaint.

## IV. CONCLUSION

As Berisha's application lacks sufficient particularity to determine her indigence, the Court will permit Berisha to refile her application to proceed in forma pauperis. Additionally, upon review, the Court finds that Berisha has not established jurisdiction in this Court nor stated any plausible claims for relief. Therefore, to proceed with her lawsuit in this Court, Berisha must amend her Complaint.

## V. ORDER

IT IS HEREBY ORDERED:

1. Berisha's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is DENIED. However, Berisha may refile the application with more particularity as to her financial situation in order to establish indigent status.

2. Berisha's Complaint (Dkt. 2) is deficient as it fails to establish federal jurisdiction and fails to state any claims upon which relief can be granted. Her Complaint is therefore DISMISSED WITHOUT PREJUDICE. The Court GRANTS Berisha leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Berisha must file her Amended Complaint within sixty (60) days of the issuance of this Order.

MEMORANDUM DECISION AND ORDER – 5

3. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: June 29, 2023

David C. Nye
Chief U.S. District Court Judge