UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SANIJE BERISHA, | Case No. 1:23-cv-00280-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| THE GROVE HOTEL, et al., | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is Plaintiff Sanije Berisha's Amended Complaint (Dkt. 6) and a renewed Application for Leave to Proceed in Forma Pauperis (Dkt. 5). Pursuant to 28 U.S.C. § 1915, this Court must review Berisha's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Berisha's Amended Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court GRANTS Berisha's Application to proceed in forma pauperis and DISMISSES with prejudice the Amended Complaint.

## II. BACKGROUND

Berisha has previously filed an in forma pauperis application (Dkt. 1) and complaint (Dkt. 2) with the Court in June of this year. The Court denied the in forma pauperis application for lacking sufficient particularity to determine Berisha's indigent status but granted Berisha an opportunity to refile her application with more clarity. Dkt. 4, at 5. The Court also dismissed Berisha's original complaint for failure to state a claim and failure to establish jurisdiction through either a federal question or diversity. *Id.* Berisha has since filed a new Application to Proceed In Forma Pauperis (Dkt. 5) along with an Amended Complaint (Dkt. 6), and the Court now addresses the merits of each in turn.

## III. DISCUSSION

### A.  Renewed Application to Proceed In Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (cleaned up).

The Court has examined Berisha's renewed Application to Proceed In Forma

Pauperis and finds that she has sufficiently established her indigence. In her application, Berisha reports a monthly household income of at least $1,000 derived from SSI funds and her husband's self-employment as a taxi driver. Dkt. 4, at 2, 5. Berisha's reported expenses appear to be a total of $950 for rent and utilities. Berisha also reports that she is on food stamps and lists her 71-year-old husband and 19-year-old son as dependents. It is likely that Berisha's monthly expenses are even more than $950 as she lists no medical or emergency expenses which are typically expected and often unforeseen. Therefore, Berisha and her household likely have, at most, $50 of monthly disposable income.

Based on Berisha's circumstances, the Court finds good cause to GRANT Berisha's renewed Application for Leave to Proceed In Forma Pauperis, and the Court will waive the filing fee in its entirety.

### B.  Sufficiency of the Amended Complaint

Regardless of Berisha's indigent status, the Court must dismiss the Amended Complaint due to Berisha's continued failure to allege a valid cause of action and establish federal jurisdiction. As any further amendment would be futile, the Court dismisses Berisha's Amended Complaint with prejudice.

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). To state a claim upon which relief can be granted, a plaintiffs' complaint must include facts sufficient to show a plausible

claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

The Court finds the same two issues with Berisha's Amended Complaint that it found with her original complaint. First, Berisha has failed again to state a claim upon which relief can be granted. Her Amended Complaint provides no federal law through which she could recover for her injuries. Dkt. 6, at 3. Without a viable legal standard, there is no legal remedy for Berisha's injuries, and Berisha has not shown a plausible claim for relief.

Second, Berisha has failed again to establish jurisdiction with this Court. This Court is a court of limited jurisdiction and as such, can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). Here, Berisha has failed to establish jurisdiction through federal question by failing to provide any federal law under which she could potentially recover. Dkt. 6, at 3. Federal diversity jurisdiction requires that the plaintiff and the defendant be citizens of different states. 28 U.S.C. § 1332(a)(1). As Berisha reports that both she and Defendants are residents of Idaho (Dkt. 6, at 1–2), there is no diversity of citizenship to establish federal jurisdiction. Thus, Berisha has not properly shown that this Court has jurisdiction over her claim.

MEMORANDUM DECISION AND ORDER – 4

If amending a complaint would remedy its deficiencies, then courts should provide a plaintiff an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). However, the Ninth Circuit has held that "a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Berisha has twice filed complaints with this court that fail to allege any federal law under which she could recover for her injuries. She has also twice failed to establish jurisdiction through either a federal question or diversity. Therefore, any future attempt to remedy the Amended Complaint's deficiencies would be futile, and the Court does not grant Berisha leave to further amend.

Additionally, Berisha appears to be bringing forth a personal injury claim, which should typically be heard in state court unless federal jurisdiction can be established through federal question or diversity. As Berisha has failed again to establish this Court's jurisdiction over her case, the Court dismisses Berisha's Amended Complaint with prejudice.

## V. ORDER

IT IS HEREBY ORDERED:

1. Berisha's Application for Leave to Proceed In Forma Pauperis (Dkt. 5) is **GRANTED**. The Court will waive the filing fee in its entirety.

2. Berisha's Amended Complaint (Dkt. 6) is deficient as it fails to establish federal jurisdiction and fails to state any claims upon which relief can be granted. Her Amended Complaint is therefore **DISMISSED WITH PREJUDICE**.

3.  If Berisha wishes to pursue a claim against Defendants, she must do so by filing in state court, not federal court.

DATED: July 31, 2023

David C. Nye
Chief U.S. District Court Judge